Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000141
22-AUG-2019
09:03 AM

NO. CAAP-18-0000141

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EDWARD G. STANLEY, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 17-1-0007 (CR. NO. 1PC880000418))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Petitioner-Appellant Edward G. Stanley (Stanley) appeals from the "Order Dismissing Edward G. Stanley's Hawaii Rules of Penal Procedure [(HRPP)] Rule 40 Petition, filed on March 30, 2017, Without Hearing," filed on February 23, 2018, in the Circuit Court of the First Circuit (Circuit Court).[1]

On September 22, 1988, Stanley was convicted of: two counts of Reckless Endangering in the First Degree (Counts I and II), as lesser included offenses of Attempted Murder in the First Degree; one count of Attempted Murder in the First Degree, in violation of Hawaii Revised Statutes (HRS) §§ 705-500 (1985), 707-701(1)(b) (Supp. 1988), and 706-656 (Supp. 1988) (Count III); one count of Attempted Manslaughter (Count V), as a lesser included offense of Attempted Murder in the Second Degree; and

_____

[1] The Honorable Paul B.K. Wong presided.

one count of Place to Keep Firearm, in violation of HRS § 134-6 (Supp. 1988) (Count VI).[2]  Stanley was sentenced to five years imprisonment for Counts I and II, life imprisonment without the possibility of parole for Count III, ten years imprisonment with a mandatory minimum of five years for Count V, and five years imprisonment for Count VI, all sentences to be served concurrently.

On December 18, 1989, in appeal No. 13402, the Hawaiʻi Supreme Court issued a Memorandum Opinion affirming Stanley's conviction.  State v. Stanley, No. 13402 (Haw. Dec. 14, 1989) (mem.) at 1-2.  The court held Stanley's claims of (1) erroneous jury instructions on attempted first degree murder and attempted manslaughter, (2) a deputy prosecutor's alleged improper comment during closing rebuttal argument, (3) insufficient evidence to support the attempted first degree murder conviction, and (4) unlawful imposition of sentence in the form of life imprisonment without the possibility of parole for attempted first degree murder were without merit.  Id.

On August 14, 2001, the Circuit Court denied Stanley's pro se April 24, 2001 HRPP Rule 35 Motion for Correction of Illegal Sentence, which claimed he should have been sentenced to a 20-year term of imprisonment instead of life imprisonment without the possibility of parole under HRS § 706-610 because he was convicted of a Class A felony.

Stanley also filed two habeas corpus petitions in the United States District Court for the District of Hawaiʻi, both contending: (1) erroneous jury instructions; (2) "improper statement made;" and (3) "insufficient evidence to support guilt findings."  Stanley v. State, 76 Hawaiʻi 446, 448, 879 P.2d 551, 553 (1994).  The petitions were denied on October 11, 1991 and January 1, 1992.  Id.

---

[2] Each count of attempted murder involved a different complaining witness.

2

On June 4, 1992, the Circuit Court denied Stanley's Petition for Post-Conviction Relief (First Petition), which alleged ineffective assistance of counsel and insufficient evidence to support his convictions for attempted first degree murder and attempted manslaughter. Id. The Hawaiʻi Supreme Court affirmed the denial of the First Petition but declined to rule on his claim that the Circuit Court erred by refusing certain jury instructions related to attempted first degree murder because he had not made that claim in the First Petition. Id. at 451-52, 879 P.2d at 556-57.

On March 30, 2017, Stanley filed his "Hawaii Rules of Penal Procedure Rule 40 Petition" (Second Petition). Stanley stated seven claims in the Second Petition: (1) his sentence is illegal because HRS specifically provides attempted murder is a Class A felony subject to 20 years imprisonment; (2) attempted manslaughter is not a crime; (3) the indictment presented to the grand jury and petit jury was fatally defective; (4) Place to Keep Firearm is an included offense of Attempted Murder, Attempted Manslaughter, and Reckless Endangering; (5) his multiple mandatory minimum terms imposed by the Circuit Court is illegal, redundant, multiplicious, excessive, and/or prejudicial because the sentencing court was not the trier of fact and only a jury can determine facts allowing an extended or enhanced sentence; (6) the errors in the case amount to cumulative error which was prejudicial and requires reversal of his conviction; and (7) the Circuit Court erred by denying an August 1, 1998 Motion for Extension of Time.

On February 23, 2018, the Circuit Court issued an "Order Dismissing Edward G. Stanley's Hawaii Rules of Penal Procedure Rule 40 Petition, filed on March 30, 2017, Without Hearing," which denied the Second Petition.

On appeal, Stanley contends: (1) the Circuit Court erred by denying the Second Petition without issuing findings of fact and conclusions of law; (2) the Circuit Court erred by

3

holding some of his claims were waived for failing to raise them previously or were previously ruled upon; (3) his sentence is illegal because he could not have been convicted of Attempted Manslaughter as a matter of law; (4) the Circuit Court erred by denying his Motion for Production of Documents; (5) his sentence of life without parole for Attempted Murder in the First Degree constitutes cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution because no injury resulted when he discharged a firearm; and (6) his conviction and sentence for Attempted Murder in the First Degree violates the Equal Protection clause of the United States and Hawaii Constitutions because judges, prosecutors, and police officers are afforded greater protection or there is unequal application of the law.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Stanley's points of error as follows:

(1) The Circuit Court did not fail to issue findings of fact and conclusions of law when denying the Second Petition. The Circuit Court sufficiently stated its reasoning in denying Stanley's claims in the Second Petition as either being previously ruled upon or waived due to the failure to raise the issues in prior requests for relief and/or failure to prove the existence of extraordinary circumstances to justify his failure to raise the issues previously.

(2) Stanley claims the Circuit Court erred by ruling his claims were previously ruled upon or were waived because he presented newly discovered evidence or new facts related to the applicable provisions of the Hawaii Revised Statutes at the time of his conviction and sentencing which were not available or known to him, thus, he did not waive his claims.

Except for the claim related to attempted involuntary manslaughter below, Stanley failed to explain how his claims were

4

not previously ruled upon or how he proved the existence of extraordinary circumstances to justify his failure to raise the claims in his direct appeal, Motion for Correction of Illegal Sentence, pursuant to HRPP Rule 35, two habeas corpus petitions to the United States District Court for the District of Hawai'i, and the First Petition. Thus, Stanley failed to present any facts to rebut the presumption that the failure to raise the issues was made knowingly. Stanley, 76 Hawai'i at 451, 879 P.2d at 556.

(3) Citing State v. Holbron, 80 Hawai'i 27, 904 P.2d 912 (1995), and State v. Loa, 83 Hawai'i 335, 926 P.2d 1258 (1996), which were issued more than six years after he was convicted, Stanley claims he could not have been convicted of Attempted Manslaughter because it is not a crime cognizable under Hawai'i law.

In Holbron, the court held "as a matter of law that HRS §§ 705-500 and 707-702(1)(a) do not and cannot give rise to the offense of 'attempted manslaughter' under any circumstances" and thereby overruled State v. Tagaro, 7 Haw. App. 291, 757 P.2d 1175 (1987). Holbron, 80 Hawai'i at 29, 904 P.2d at 914. The Holbron court held that there is no offense of attempted involuntary manslaughter premised upon the defendant attempting recklessly to cause the death of another person, in violation of HRS §§ 705-500 and 707-702(1)(a) (Supp. 1988).[3] Id. at 29, 34, 904 P.2d at 914,

---

[3] HRS § 707-702 states:

§707-702 Manslaughter. (1) A person commits the offense of manslaughter if:
(a) He recklessly causes the death of another person; or
(b) He intentionally causes another person to commit suicide.

(2) In a prosecution for murder in the first and second degrees it is a defense, which reduces the offense to manslaughter, that the defendant was, at the time he caused the death of the other person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explanation shall be determined from the viewpoint of a

919. However, the court also held that a defendant may be convicted of attempted voluntary manslaughter as a lesser included offense of attempted murder, in violation of HRS §§ 705-500 and 707-702(2), when the State fails to negative a defense of extreme mental or emotional disturbance (EMED) for which there is a reasonable explanation. Id. at 43-45, 904 P.2d at 928-30.

In the Second Petition, Stanley admitted he made an EMED defense by noting that his counsel requested an EMED jury instruction and the jury "rejected the Petitioner's EMED defense." Stanley points to his convictions for two counts of Reckless Endangering in the First Degree as proof his EMED defense was rejected by the jury and the jury found he acted recklessly. Stanley implies his conviction for Attempted Manslaughter was for attempted involuntary manslaughter because the jury found his conduct in Counts I and II to be reckless after rejecting his EMED defense.

Stanley's convictions for Reckless Endangering in the First Degree do not support a conclusion that he was convicted of attempted involuntary manslaughter in Count V. Stanley was charged with three counts of Attempted Murder in the First Degree (Counts I, II, and III) and one count of Attempted Murder in the Second Degree (Count V). Stanley was convicted of two counts of Reckless Endangering in the First Degree, the lesser included offense of Attempted Murder in the First Degree in Counts I and II. But he was also convicted of Attempted Murder in the First Degree in Count III and the lesser included offense of Attempted Manslaughter in Count V.

When Stanley made an EMED defense, the jury did reject it in Count III because he could not have been convicted of Attempted Murder in the First Degree if the State did not

---

person in the defendant's situation under the circumstances as he believed them to be.

(3) Manslaughter is a class B felony.

6

negative the EMED defense. However, the jury did not reject the EMED defense when Stanley was convicted of Attempted Manslaughter in Count V because he could only be convicted of Attempted Manslaughter if the State failed to negative his EMED defense.

Stanley's convictions for Reckless Endangering in the First Degree did not depend on the jury accepting or rejecting his EMED defense because the jury did not consider an EMED defense for Counts I and II. Consideration of an EMED defense would only arise if the jury believed the State proved all elements of Attempted Murder in the First Degree because EMED is a defense that mitigates Murder or Attempted Murder. Holbron, 80 Hawai'i at 43, 904 P.2d at 928. If the State had proven Attempted Murder in the First Degree in Counts I and II, the jury would not consider the lesser included offense of Reckless Endangering in the First Degree because the outcome of the jury considering the EMED defense could only lead to a conviction for Attempted Murder in the First Degree or Attempted Manslaughter, depending on whether the jury believed the State negated the EMED defense. Rejecting Stanley's EMED defense after the State proved all elements of Attempted Murder in the First Degree cannot result in a conviction for Reckless Endangering in the First Degree. Only a failure to prove Attempted Murder in the First Degree could lead to the jury considering Reckless Endangering in the First Degree. Thus, the jury did not reject Stanley's EMED defense in Counts I and II.

As Stanley's convictions for Attempted Murder in the First Degree in Count III and Attempted Manslaughter in Count V demonstrate, the jury may decide whether the State negated an EMED defense for each charge and is not required to apply the same finding as to EMED to all charges.

The State's concession that Stanley stated a colorable claim based on Holbron and Loa and the jury instruction given based on the language of HRS §§ 707-702(1)(a) and (2) is unwarranted.

7

The jury was instructed, inter alia, as follows:

In a prosecution for Attempted Murder in the First Degree or Second Degree, Attempted Manslaughter is an included offense. The offense of Attempted Manslaughter is committed if the Defendant attempted to recklessly cause the death of another person.

In a prosecution for Attempted Murder in the First Degree or Second Degree, it is also a defense, which reduces the offense to Attempted Manslaughter, that the Defendant was, at the time he attempted to cause the death of another person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explanation shall be determined from the viewpoint of a person in the Defendant's situation under the circumstances as he believed them to be.

The burden is upon the State to prove beyond a reasonable doubt that the Defendant was not acting under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. If the State has not done so, you must find the Defendant guilty of the included offense of Attempted Manslaughter. If the State has done so, you must find the Defendant guilty of the offense of Attempted Murder in the First Degree or Second Degree.

In his Opening Brief on direct appeal, Stanley raised a claim that the jury instructions on Attempted Manslaughter were erroneous and confused the jury. Stanley argued:

[T]he use of the term "recklessly" in the instruction would undeniably lead a layperson to conclude that the instruction applied to both forms of attempted manslaughter.

No rational trier of fact could be expected to differentiate the two forms of attempted manslaughter and the different circumstances under which they were to be considered based upon the instructions in the case at bar. . . .

The jury's confusion is all too well illustrated by their repeated communications seeking clarification of attempted manslaughter. The court merely referred the jury to the instructions already provided, which had, of course, triggered the questions in the first place. (RA: 248-254). Even the verdict forms were of no assistance as they, too, indicated the existence of only one form of attempted manslaughter.

The defective attempted manslaughter instructions in their entirety rendered the jury instructions prejudicially erroneous and misleading, affecting substantial rights of Stanley at trial and depriving him of due process of law under the Hawaii and federal constitutions.

8

The Hawai'i Supreme Court affirmed Stanley's convictions and specifically noted Stanley raised the issue of "erroneous attempted first degree murder and attempted manslaughter instructions" and held "we discern no reversible error." State v. Stanley, No. 13402 (Haw. Dec. 14, 1989) (mem.) at 1-2. Therefore, Stanley did not state a colorable claim in the instant appeal based on an erroneous Attempted Manslaughter jury instruction because the issue was previously raised and ruled upon. Stanley failed to state a factual basis to support a claim that his conviction for Attempted Manslaughter was for attempted involuntary manslaughter based on reckless conduct, in violation of HRS § 707-702(1)(a). Therefore, Stanley failed to state a colorable claim that he could not have been convicted of Attempted Manslaughter and that his sentence was illegal.

(4) Stanley claims the Circuit Court erred by denying his Motion for Production of Documents. The record on appeal does not contain a Motion for Production of Documents. It is the responsibility of each appellant to provide a record that is sufficient to review the points of error asserted and to pursue appropriate proceedings in the court appealed from to correct any omission. Hawai'i Rules of Appellate Procedure (HRAP) Rule 11(a). Stanley did not request the Circuit Court or this court to correct or modify the record on appeal, pursuant to HRAP Rule 10(e). This court is limited to review of the record on appeal. State v. Tarape, 107 Hawai'i 519, 523, 115 P.3d 698, 702 (App. 2005). The record on appeal does not show the Circuit Court denied a Motion for Production of Documents and we are thus unable to address this point of error.

(5) Stanley's claim that his sentence of life without the possibility of parole for Attempted Murder in the First Degree constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution was raised and ruled upon in his direct appeal. In his direct appeal, Stanley claimed his sentence of life without the possibility of

parole was greatly disproportionate to the criminal activity he engaged in, and thus, it was cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution.  The Hawaiʻi Supreme Court found Stanley's claim of "unlawful imposition of sentence in the form of life imprisonment without the possibility of parole for the attempted first degree murder conviction" was without merit.  State v. Stanley, No. 13402 (Haw. Dec. 14, 1989) (mem.) at 1-2.

(6)  Stanley did not claim his sentence for Attempted Murder in the First Degree violated the Equal Protection clause of the United States and Hawaii Constitutions in the Second Petition.  "[T]he general rule is that an issue which was not raised in the lower court will not be considered on appeal[.]" Stanley, 76 Hawaiʻi at 451, 879 P.2d at 556.  In addition, Stanley failed to prove the existence of extraordinary circumstances to justify his failure to raise the claim in his direct appeal, two habeas corpus petitions to the United States District Court for the District of Hawaii, and the First Petition.  Therefore, relief is not available under HRPP Rule 40. HRPP Rule 40(a)(3).

Therefore, IT IS HEREBY ORDERED that the "Order Dismissing Edward G. Stanley's Hawaii Rules of Penal Procedure Rule 40 Petition, filed on March 30, 2017, Without Hearing," filed on February 23, 2018, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, August 22, 2019.

Presiding Judge

Associate Judge

Associate Judge

On the briefs:

Edward G. Stanley,
Pro Se, Petitioner-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

10